IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 1:23-cr-3-AW-MAL

DAVID EMANUEL,

    Defendant.

_____/

## ORDER DENYING MOTION TO QUASH

Non-party journalist Joshua Ceballos moved to quash the government's trial subpoena, arguing a First Amendment privilege. ECF No. 34. The government opposes the motion and contends it has shown enough to overcome the qualified journalistic privilege. ECF No. 36 at 4-5. This order denies Ceballos's motion.

The government and Ceballos agree as to the pertinent facts. Ceballos contacted Defendant David Emanuel, who Ceballos suspected was involved in the altercation that led to this case. Ceballos left a voicemail on a phone he suspected was Emanuel's. Someone soon called Ceballos back from a number associated with Emanuel. Although the caller refused to explicitly identify himself, he made statements consistent with the allegations against Emanuel. ECF No. 34 at 2. The caller said, for example, "I got in my truck and I came at those motherfuckers. I would've fucked up all those Black motherfuckers." *See id.* at 15.

Ceballos published an article reporting on the incident and recounting the phone call and statement. *Id*. The government seeks Ceballos's testimony to

1

authenticate that statement. ECF No. 36 at 6-7; *see* ECF No. 28 at 23-24. The government disclaims any plan to go beyond that, stating it will pursue only "narrow questioning limited to establishing the facts and circumstances of the phone call attributable to the Defendant, as described in Mr. Ceballos' published article and sworn declaration." ECF No. 36 at 11.

There exists "a qualified privilege for journalists, allowing them to resist compelled disclosure of their professional news gathering efforts." *United States v. Capers*, 708 F.3d 1286, 1303 (11th Cir. 2013). When a journalist invokes the privilege, "information may only be compelled . . . if the party requesting the information can show that it is highly relevant, necessary to the proper presentation of the case, and unavailable from other sources." *United States v. Caporale*, 806 F.2d 1487, 1504 (11th Cir. 1986) (citations omitted). The parties agree this is the standard, but they disagree as to whether the government has made this showing. Although it is a close call, I conclude the government has shown enough to overcome the privilege.[1]

---

[1] This assumes the privilege applies in the first place. The government suggested (tepidly) that Ceballos may have waived the privilege by filing an affidavit laying out the same nonconfidential information he contends the privilege protects. ECF No. 36 at 11-12. I do not reach this issue because the outcome is the same either way.

First, the government has shown that the information sought is highly relevant. At trial, the government must show (among other things) that race was the substantial motivating factor in Emanuel's actions. Statements on the call (assuming Emanuel made them), would be highly relevant as to that intent. Ceballos says it is not highly relevant because the caller did not confirm he was Emanuel. But there is evidence from which a reasonable jury could conclude the caller was Emanuel; his refusal to identify himself by name does not much undermine the call's probative value. Ceballos also says it his testimony would not be relevant because he has no personal, first-hand knowledge of the underlying events. But the government does not seek Ceballos's testimony to explain what happened on the street that day; it seeks his testimony to explain what was said to him on the phone. Ceballos does have personal, first-hand knowledge of that. Indeed, the affidavit he filed in this case—which outlines the nonconfidential information the government seeks to elicit at trial—confirms this.

Next, the government has demonstrated that the testimony sought is necessary, that it has a "compelling interest in the information." *Miller v. Transamerican Press, Inc.*, 621 F.2d 721, 726 (5th Cir. 1980); *see Gregory v. Miami-Dade County*, 2015 WL 3442008, at *5-10 (S.D. Fla. May 28, 2015) (explaining that, consistent with Eleventh Circuit precedent, this prong of the test is best understood as requiring the party seeking disclosure to "demonstrate that . . . it has

3

a compelling need for the information where the court determines that the information is both highly relevant and where other sources for the information are not available"). The government argues persuasively that the testimony is "necessary in order for the jury to hear direct evidence of the Defendant's intent," and that the "statement is uniquely probative" because it is the only statement Emanuel made before he was interviewed by law enforcement or read news coverage about the incident. ECF No. 36 at 9. Without this testimony, the government contends, the jury will have the misleading impression that Emanuel "consistently told others that he drove past the victims in a non-threatening manner." *Id.* That is a sufficiently compelling interest for compelling the testimony. *See Gregory*, 2015 WL 3442008, at *10 (finding the reporter's testimony necessary because if "not permitted, the trier of fact may be deprived of the opportunity to consider an admission by the Plaintiff regarding the facts surrounding the shooting"). There is, to be sure, other evidence of Emanuel's using language that could support an inference of racial bias, and there is other evidence about how Emanuel did or did not operate his truck on the day in question. But the timing of the statements at issue here is significant. The other evidence therefore does not make the evidence about the phone call cumulative or unnecessary.

Finally, the government has shown that the evidence is unavailable from another source. Only Ceballos can testify as to the contents of the phone call. *See id.*

at *11-12 (explaining that only the reporter could verify the plaintiff's statements since there were no eyewitnesses and the plaintiff denied making statements to the reporter about his actions just before the accident); *United States v. Foote*, 2002 WL 1822407, at *2 (D. Kan. Aug. 8, 2002) (finding that the reporter was "the only person who [could] confirm that the statements published were made by Defendant and thus the only source of the information sought," so there was no other way to obtain the information); *cf. United States v. Thompson*, 2015 WL 1608462, at *3 (S.D. Fla. Apr. 10, 2015) (finding that "in addition to the officers on scene, many other people were present at the time of the arrest," so the reporter's testimony about the arrest and footage was available from other sources).

The motion to quash (ECF No. 34) is DENIED.

SO ORDERED on July 20, 2023.

s/ *Allen Winsor*
United States District Judge
