IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

**CASE NO. 1:23CR3 AW/MAL**

v.

**DAVID EMANUEL**

_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant DAVID EMANUEL, through counsel, submits the following memorandum to aid the Court in deciding an appropriate sentence in this case. In addition to this memorandum, several letters written in support of Mr. Emanuel have been submitted. The Pre-Sentence Report ("PSR") has concluded that Mr. Emanuel's Guidelines are 57-71 months. Mr. Emanuel objects to the calculations in the PSR as stated in the objections previously filed and as argued below. *See* Docket No. 66. Sentencing is an opportunity to punish, deter and rehabilitate. This case presents a difficult and troubling set of circumstances. The actions of David Emanuel on September 6, 2022, were out of character and were not premeditated.

Given the facts of this case and as applied to the specific characteristics of Mr. Emanuel, a sentence of probation with anger management and cultural sensitivity education would be appropriate and sufficient. Such a sentence would address and reflect Mr. Emanuel's convictions, but would reflect his history as a productive,

well-respected law-abiding citizen. Such a sentence also affords this Court the opportunity to ensure Mr. Emmanuel clearly understands the wrongfulness of his actions and would afford an opportunity to educate Mr. Emanuel regarding his use of hateful and discriminatory language. The goals of sentencing under 18 U.S.C. 3353(a) detail several factors the Court is very familiar with. This case calls for additional considerations to include the goals addressed in restorative justice. Sentencing and punishment are but one factor in this case. Mr. Emanuel and the victims in this case will continue to be neighbors. A sentence that in some fashion helps to educate Mr. Emanuel yet opens the door to healing on both sides of this incident and addresses the looming presence of racism hanging over it, is the first step to a just and meaningful resolution.

## I.   Introduction

On July 26, 2023, David Emanuel was found guilty of Counts 1-6 of the indictment charging Interference with a Federally Protected Activity in violation of 18 U.S.C. § 245(b)(2) after a two-day jury trial.  A sentencing hearing is scheduled for October 19, 2023. Mr. Emanuel stands before the Court as 61-year-old man with no significant criminal history, no history of racism or prior displays of discrimination or aggression towards anyone based upon their race, religion, or sex, and as a person who is recognized as kind, hard-working, and a loving family man by those who know him best. As illustrated in the many letters submitted to the Court,

the convictions and actions described in this case are not representative of David Emanuel.

## II. Sentencing Guidelines Calculation

The Guidelines as calculated by the PSR yield an advisory range of 57-71 months. In reaching that range, a cross-reference in Count One has been applied which uses the Aggravated Assault Guideline Chapter and increases the base offense level to 18. On all Counts there has been a 3-point upward adjustment for any victim being intentionally selected because of their race or color as applied to this case. Finally, the PSR has applied a multi-count adjustment which had increased the offense level 4-points. Mr. Emanuel objects to the current sentencing guidelines calculation. As cited in Docket No. 66, the evidence presented at trial to include witness testimony does not support the use of the Aggravated Assault Guideline Chapter in Count One. Mr. Emanuel's actions amounted intimidation, but there is no clear indication that he did or attempted to assault anyone.

Mr. Emanuel also objects to the adjustment in each Count under Guideline Chapter 3A1.1(a). There is no evidence that Mr. Emanuel engaged any of the victims due to the color of their skin or ethnicity. Mr. Emanuel reacted to a call from his daughter. There was no mention of the race of any one and it was not until Mr. Emanuel had already engaged anyone that he knew what ethnicity the victims were. As decided by the jury and as illustrated in the evidence at trial, race was involved

but in no way was the motivating factor for how Mr. Emanuel acted. This adjustment should not apply.

A multi-count adjustment is not appropriate as applied to the facts of this case. There is no distinguishable difference amongst the victims in this case. There were not separate acts for each of the victims. Mr. Emanuel's actions applied equally to the victims and the incident involved one action involving all the victims. To apply a multiple count adjustment artificially inflates the severity of Mr. Emanuel's actions in this case.

### A.     History and Characteristics of David Emanuel

David Emanuel was born in 1960 in Sanford, Florida.  He has been married for 43 years and his marriage has produced three wonderful children. One of his children tragically passed in 2006. Since that tragic incident, Mr. Emanuel has struggled with grief and has developed a fierce and protective persona for his wife, children, and grandchildren. Mr. Emanuel is extremely proud of his children, who all lead successful and productive lives.  Mr. Emanuel has always been involved in their lives and, more recently, the lives of his grandchildren.  He considers himself a "home body," a family man, and someone who is willing to help people in need.  His relatives, friends, neighbors, and acquaintances all describe him the same way.

Mr. Emanuel has worked all his life as a laborer and a commercial fisherman up until 2011 when he started to receive disability. He has several significant health issues and requires

regular medical visits and medications. His health issues span from severe back pain to internal issues affecting his respiratory and hepatic functions. *See* PSR Para. 81.

### B. Nature and Circumstances of the Offense

The actions of David Emanuel on September 6, 2022, were born out of confusion and anger over his perceived treatment of his daughter and his property. David Emanuel was wrong and certainly didn't understand what had really occurred before he exited his property and approached the victims on the road outside of his home. As the incident escalated and words were exchanged, some of those being derogatory and race-based, the actions of Mr. Emanuel elevated the conflict and ultimately resulted in the jury's convictions on Counts One through Six of the Indictment. How David Emanuel behaved that morning, the things he said during and after the incident were not the product of a deep-seated prejudice or motivated by an anger of any anyone a different color than he is. David Emanuel was angry over a perceived disrespect, angry that another man had questioned his ability to defend his daughter. That is what he thought. Race was a factor as demonstrated by his use of vulgar and disparaging racial slurs, but it was a part of his behavior and not the reason for it.

There was never intent on David Emanuel's part to cause actual harm to anyone when he drove his truck past the victims on September 5, 2022. Much was said at trial about where people were standing and how the truck proceeded, however

the truck driven by Mr. Emanuel never swayed or deviated.

### C.   Sincere Remorse

As stated during his testimony at trial, Mr. Emanuel regrets his actions in this case. Mr. Emanuel has tried to raise his children by example, and it pains him to think about how his awful choices completely failed to live up to the values he taught them. He has, and continues to, accept full responsibility for what he did. He has also spent a lot of time reflecting on how and why he ended up in his current position, and what he can to do to right the harm he caused. Mr. Emanuel understands that no matter the outcome of his sentence, he will still be neighbors with Dr. Dunn and those that share his property. Mr. Emanuel wants to offer his deepest apologies to the victims in this case.

### D.   Need to Avoid Unwarranted Sentencing Disparity

From a sentencing standpoint, one of the most important features of this case are the differences between Mr. Emanuel and other charged and convicted in similar cases. These differences include their personal backgrounds, characters, and roles in the offense.

As described above, Mr. Emanuel is a family man who has worked his entire adult life. He had some relatively minor legal issues and substance abuse problems as a younger man, but he has not had any legal issues in many years and has a good relationship with his wife and children. He is independent and has built a successful

life for himself and his family. There is no evidence that Mr. Emanuel previously targeted or spoke negatively of anyone because of their race, religion, sexuality, or other similar characteristics leading up to the instant case.

Comparing Mr. Emanuel's actions in this case compared to other recent cases shows a large disparity in the not only the Guideline calculations, but the ultimate sentences imposed. In *United States v. Leahy,* Case No. 8:22cr156 (Tampa Division, M.D.FL. 2022), the defendant was convicted of verbally assaulting a family while they were driving and followed them for over an hour yelling racist remarks. At one point, a side mirror fell off the victim's car due to the proximity of the defendant's car. The defendant had previously been convicted of violence and had a pattern of racist behavior. After a trial and after initially scoring 57-71 months, the defendant received a sentence of 30-months. In another case involving the same charges where the conduct involved a victim being brutally beaten based upon his race and involving a defendant with a history of violence and use of racist language, *United States v. Lashley*, 5:22cr27 (Ocala Division M.D.FL. 2023), the co-defendants received sentences of 60 months and 30 months.

## Conclusion

As outlined above, this case presents many unique and challenging facts. The actions of David Emanuel case involved intimidation versus actual physical violence and unlike the cases cited above or those cited by the government in Docket No. 70,

Mr. Emanuel's actions and the motivation behind those actions were much different. For these reasons a term of probation with several conditions that can assist Mr. Emanuel address the issues that led to his actions in this case is requested and would best serve the unique interests of justice in this case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically furnished to Laura-Kate Bernstein, Frank Williams, and Kaitlin Weiss, Assistant United States Attorneys, on this 18th day of October 2023.

    Respectfully Submitted,
    JOSEPH F. DEBELDER
    Federal Public Defender
    By:  s/ Darren Johnson

    Darren J. Johnson
    Assistant Federal Public Defender
    New York Bar No.  4056800
    101 S. E. 2nd Place, Suite 112
    Gainesville, FL 32601
    (352) 373-5823